## Matter of Lewis

### 2017 NY Slip Op 33569(U)

### February 14, 2017

### Surrogate's Court, Bronx County

### Docket Number: File No. 2013-293/A, B, C

### Judge: Nelida Malave-Gonzalez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

FILED

FEB 14 2017

SURROGATE'S COURT
COUNTY OF BRONX

SURROGATE'S COURT, BRONX COUNTY

February 14, 2017

ESTATE OF CLARENCE LEWIS, also known as
CLARENCE L. LEWIS, Deceased
File No.: 2013-293/A, B, C

In this estate, before the court is a combined petition and motion by an alleged son of the decedent, Craig Lewis (File No.: 2013-293/C), filed November, 2016 seeking, inter alia, (1) to revoke the letters of administration that issued to another son, Barrett Lewis, on March 18, 2013, and the appointment of Craig's attorney or, alternatively, the Public Administrator, as administrator d.b.n. of the estate; (2) an order allowing Craig to enter and live at one of five alleged apartments in a brownstone building owned by the estate in which Barrett also has an apartment and allegedly obtains rental income; and, (3) an order granting Craig summary judgment finding he is a son/distributee of the decedent entitled to one half of any personal property or realty held by the estate. There is another pending proceeding, filed by an alleged daughter, Cynthia, also seeking to revoke letters of administration that issued to Barrett (2013-293/A), and the

[* 1]

appointment of herself as administrator d.b.n. (2013-293/B). The alleged daughter served and filed objections to Craig's combined petition and motion and opposes those portions thereof as seek the appointment of the Public Administrator, summary judgment on the issue of his standing as a distributee and related relief. Barrett, who is now proceeding pro se, has not filed or served any objections or opposition to Craig's combined petition/motion. The determination of Craig's combined petition/motion hinges on the procedural background of this case and the present status of the issues raised in all these proceedings which, briefly, are reviewed herein.

In 2013, Barrett petitioned for letters of administration claiming that he was the decedent's sole distributee and, as a result, letters of administration issued to him limited only by SCPA 805 (3) (File No.: 2013-293); however, subsequently in 2014, the alleged daughter, Cynthia, filed her petition seeking to revoke the letters of administration that issued to Barrett (File No.: 2013-293/A) and the appointment of herself as administrator d.b.n. (File No: 2013-293/B). Cynthia's petitions were supported by Craig, and both claimed that Barrett knew they were the decedent's children and intentionally omitted them from his petition.

By decision and order dated April 8, 2016, this court, inter alia, granted separate motions by Cynthia and Barrett, who was then represented by counsel, to compel all parties to submit to a "sibling full DNA test" at an established laboratory. The results of that test demonstrated that Craig and Barrett are paternal half siblings and Cynthia is not paternally related to

[* 2]

them; however, as this court noted previously, the paternal half siblingship test, standing alone, does not establish a link to the decedent directly, so it cannot be conclusive on the issue of the decedent's paternity of them (see Matter of Lewis, NYLJ, April 15, 2016, at 21, col 5 [Sur Ct, Bronx County 2016]). Moreover, although Cynthia was excluded as a paternal half sibling of Craig and Barrett by that DNA test, the proof she has presented to date in opposition to Craig's combined petition/motion creates issues of fact with respect to the applicability of the open and notorious requirement to her status as a distributee (see EPTL 4-1.2 [a] [2] [C]).

In the same April 8, 2016 decision and order, this court also directed Barrett to submit an application on notice to all parties amending his letters of administration to collect $17,000 in royalties and to indicate therein any changes to the amount of rents collected at the premises or any additional royalties that may be due, if any, to enable the court to determine whether a bond should be posted (see Matter of Lewis, NYLJ, June 1, 2016, at 21, col 5). Barrett never complied with that directive and, subsequently, his attorney moved and was granted leave to withdraw as his counsel. Although Barrett was given ample time to obtain a new attorney, he is now proceeding pro se, and his petition remains unamended despite the court's directive. In addition, there have been allegations by Cynthia that Barrett is disqualified from acting as administrator because he is a felon, and Craig has conceded he is disqualified from serving as a fiduciary on that ground (see SCPA 707). To date, Cynthia has failed to proffer any evidence to support

[* 3]

4

her allegation regarding Barrett and Barrett has appeared in court and denied the allegation; however, while Barrett was represented by counsel, on October 6, 2016, all parties stipulated, inter alia, to be fingerprinted for a history of felony convictions, which has never occurred. At about the same time that Barrett's counsel subsequently sought and was granted leave to withdraw, in November, 2016, Craig served and filed the instant combined petition/motion (File No.: 2013-293/C).

Based on the procedural posture of the litigation and in light of Craig's combined petition/motion, on February 2, 2017 the court ruled on the record in open court that the branch of the Craig's combined petition/motion seeking, inter alia, to revoke the letters of administration that issued to Barrett and the appointment of Craig's attorney as administrator d.b.n., or alternatively, the appointment of the Public Administrator as administrator d.b.n., to the extent sought by motion, was denied without prejudice to renewal. To the extent that Craig's application is a petition seeking the revocation of Barrett's letters of administration, it will be consolidated for trial with Cynthia's revocation and appointment applications. The ultimate issues as to the identity of the decedent's distributees and their qualifications and eligibility to serve is dispositive of the applications seeking a determination of who, if not Barrett, should serve as administrator d.b.n. of the estate.

Nonetheless, as the proceedings have not progressed to trial and there may be a possible dissipation and waste of assets by the administrator, Barrett, who also appears to demonstrate a want of

understanding, failed to amend the petition pursuant to court order and is now proceeding pro se (see SCPA 711), the court finds that the administration of the estate requires immediate attention. Accordingly, under the circumstances presented, the court directed the issuance of letters of temporary administration to the Public Administrator, limited to marshaling assets and paying debts, upon his filing an oath and designation with the court.

The remaining branches of Craig's petition/motion, to the extent they seek summary judgment on the issue of his status as a distributee and an order directing that he be able to enter and live at an apartment at the estate premises and be paid one half of the proceeds in the estate is also denied without prejudice to renewal, due to issues of fact for trial with respect to the identity of all of the decedent's distributees. The proceedings by Cynthia seeking to revoke Barrett's letters of administration (File No.: 2013-293/A), for the appointment of herself as administrator d.b.n. (File No.: 2013-293/B), the proceeding by Craig insofar as it seeks to revoke Barrett's letters of administration (File No.: 2013-293/B), and all issues relating to the identity of the decedent's distributees and their qualification and eligibility to serve as fiduciary of the estate are adjourned to April 4, 2017, for a pre-trial conference. Prior to that time, any party may serve and file a note of issue, certificate of readiness and statement of issues.

The court's rulings on the record on February 2, 2017 and this decision constitute the order of the court. The Chief Clerk shall mail a copy

of this decision and order to all parties or their counsel and to the Public Administrator.

HON. NELIDA MALAVE-GONZALEZ
SURROGATE

[* 6]